-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PATRICK MICHAEL MITCHELL,

                    Plaintiff,

          -v-                                    13-CV-0730Sc
                                                 **ORDER**
ROBERT SIERMSA, SAMUEL SOPRANO,
ERIC J. HURD, Esq., MONROE COUNTY
and MONROE DISTRICT ATTORNEY SANDRA
DOORLEY,

                    Defendants.

_____



### INTRODUCTION

Plaintiff, Patrick Michael Mitchell, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 3). Plaintiff claims that on July 17, 2012, defendants, Robert Siersma and Samuel Soprano, Monroe County District Attorney's Office Investigators, violated his rights when they entered his home in Yates County without a warrant and arrested him. He also claims that defendant Sandra Doorley, Monroe County District Attorney, failed to train Siersma and Soprano, and that Eric Hurd, Assistant District Attorney ("ADA"), failed to provide discovery material to plaintiff's attorney that showed that Siersma falsified the arrest report by noting that plaintiff was arrested in Rochester. Plaintiff alleges that he was found not guilty following a jury trial. For the reasons discussed below, plaintiff's request to

proceed as a poor person is granted, some of his claims are dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the summons and complaint will be served upon Siersma and Soprano.

Plaintiff's motions for the appointment of counsel (Docket Nos. 2 and 4) are denied at this time as premature because a more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motions are denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See* Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

Additionally, because this case was mistakenly assigned to a Magistrate Judge in the Buffalo Division and should have been assigned to a District Judge in the Rochester Division, the Clerk of the Court is directed to re-assign this case to a District Judge in Rochester.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) of 28 U.S.C. requires the Court

2

to conduct an initial screening of this complaint.  In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor.  *See* Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).  While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Based on its evaluation of the complaint, the Court finds that some of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

### A.   Claims Against Monroe County, Monroe County District Attorney Doorely and Assistant District Attorney Hurd

Plaintiff alleges that Doorley, Monroe County District Attorney, is liable for the alleged false arrest and malicious prosecution because she failed to properly train Siersma, Soprano and Hurd.  Plaintiff also names the County of Monroe as a defendant

3

in the caption of the complaint, but he does not identify the County as a defendant in the "Parties to Action" Section of the form complaint nor does he allege that any of the alleged acts of Siersma, Soprano and Hurd occurred pursuant to a policy or custom of Monroe County.   Hurd is alleged to have not disclosed to plaintiff's defense counsel the arrest report that plaintiff claims was false.   As discussed below, the claims against Doorley, Monroe County and Hurd are dismissed with prejudice.

1.   Monroe County

Assuming that plaintiff intended to sue Monroe County herein, the claims against the County must be dismissed because they fail to state a claim upon which relief can be granted.   "[A] municipality cannot be made liable [under § 1983] by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986).   Instead, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury." Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).   Moreover, a county's district attorney's office may not be held liable under §1983 for failure to train its prosecutors based on a single Brady[1] violation.   Connick v. Thompson, — U.S. —, 131 S.Ct. 1350, 1358 (2011).   There are no allegations that the alleged acts of Siersma, Soprano and Hurd

---

[1]Brady v. Maryland, 371 U.S. 812 (1962).

4

occurred as a result of a policy or custom of the County and, therefore, to the extent plaintiff intended to assert claims against the County they are dismissed with prejudice. *See, e.g.*, Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

   2.   District Attorney Doorley

   Plaintiff also names Doorley as a defendant and alleges that she failed to train Investigators Siersma and Soprano and ADA Hurd. As noted above, liability under § 1983 cannot be imposed under the doctrine of *respondeat superior* and in order to find a supervisor liable for the alleged acts of her subordinates plaintiff must establish the supervisor's personal involvement in the alleged constitutional violation. *See* Farrell v. Burke, 449 F.3d 470, 484 (2d Cir.2006) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (abrogated on other grounds, Sandin v. Conner, 515 U.S. 472 (1995))). There are simply no allegations that Doorley was personally involved in the alleged false arrest and malicious prosecution and, to the extent, plaintiff alleges that she was involved in the prosecution, Doorley would be entitled to absolute prosecutorial immunity. *See* Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir.1996) (It is well-settled that prosecutors sued under 42 U.S.C. § 1983 are entitled to absolute immunity "from claims for

damages arising out of prosecutorial duties that are 'intimately associated with the judicial phase of the criminal process.' ") (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)), *cert. denied*, 520 U.S. 1115 (1997). Prosecutors are "shielded from liability for damages with respect to acts performed within the scope of [their] duties when pursuing a criminal prosecution." Doe, 81 F.3d at 1209.

With respect to the failure to train claim against Doorley, that too must be dismissed because it fails to state a claim upon which relief can be granted. A claim under § 1983 based on failure to train government employees requires that the failure amount to "deliberate indifference." City of Canton v. Harris, 489 U.S. 378, 388 (1989); *see also* Wray v. City of New York, 490 F.3d 189, 195 (2d Cir.2007) (" 'Deliberate indifference' involves the conscious disregard of the risk that poorly-trained employees will cause deprivations of clearly established constitutional rights."). A showing of deliberate indifference requires: (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation;" (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;" and (3) "that the wrong choice by the ... employee will frequently cause the deprivation of a citizen's constitutional rights." Walker v. City

of New York, 974 F.2d 293, 297-98 (2d Cir.1992); see also Wray, 490
F.3d at 195-96 (applying Walker).  Moreover, "[p]laintiff faces an
uphill  battle  because  "failure  to  train  claims  are  usually
maintained  against  municipalities,  not  against  individuals."
Muhammed v. City of Peekskill, 2008 WL 4452355, at *5 (S.D.N.Y.,
Sept. 30, 2008) (quoting Sanville v. McCaughtry, 266 F.3d 724, 739
(7th Cir.2001) (other citation omitted)).

     There  are  no  allegations  that  Doorley  was  deliberately
indifferent  to  "the  rights  of  the  citizens  with  whom  [her]
employees [would] interact."  Muhammed, 2008 WL 4452355, at *6.
Accordingly, plaintiff's claims against Doorley must be dismissed
with prejudice and leave to amend is denied because it would be
futile.

     3.  ADA Hurd

     As noted, plaintiff alleges that Hurd waited over seven months
to disclose to defense counsel the arrest report which plaintiff
claims was false.  Hurd is entitled to absolute judicial immunity
for the allegations set forth in the complaint because the conduct
alleged arose out of his prosecutorial duties.  See Doe, 81 F.3d at
1209 (Prosecutors are "shielded from liability for damages  with
respect to acts performed within the scope of [their] duties when
pursuing a criminal prosecution.")  "Prosecutorial immunity from §
1983 liability is broadly defined, covering 'virtually all acts,
regardless  of  motivation,  associated  with  [the  prosecutor's]

function as an advocate.' " Hill v. City of New York, 45 F.3d 635,
661 (2d Cir. 1995), abrogation on other grounds recognized in
Reviera v. Fischer, 655 F.Supp.2d 235, 236 (W.D.N.Y.) (quoting Dory
v. Ryan, 25 F.3d 81, 83 (2d Cir.1994)).  A failure to turn over
Brady material, has been found to fall within the type of
prosecutorial functions that are entitled to absolute judicial
immunity.  Hill, 45 F.3d at 662 (citing Imbler, 424 U.S. at 416,
430).  Accordingly, plaintiff's claims against ADA Hurd are
dismissed with prejudice and leave to amend is denied because it
would be futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d
Cir. 2000) (finding leave to replead would be futile where the
complaint, even when read liberally, did not "suggest[] that the
plaintiff has a claim that she has inadequately or inartfully
pleaded and that she should therefore be given a chance to
reframe").

## CONCLUSION

Because plaintiff has met the statutory requirements of 28
U.S.C. § 1915(a), his request to proceed *in forma pauperis* is
hereby granted.  For the reasons discussed above, plaintiff's
claims against Monroe County, Monroe County District Attorney
Sandra Doorley and ADA Eric Hurd are dismissed with prejudice
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the United States
Marshals Service is directed to serve the summons and complaint on
Robert Siersma and Samuel Soprano.

8

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and his motions for the appointment of counsel are denied without prejudice;

FURTHER, that plaintiff's claims against Monroe County, Monroe County District Attorney Sandra Doorley and ADA Eric Hurd are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Monroe County, Monroe County District Attorney Sandra Doorley and Eric Hurd as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Robert Siersma and Samuel Soprano, Monroe County District Attorney's Office Investigators, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, the Clerk of the Court is directed transfer this action to a District Judge in the Rochester Division.

**SO ORDERED**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    February 7, 2014
          Rochester, New York

9