UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK MICHAEL MITCHELL,

                Plaintiff,

     v.

ROBERT SIERSMA, et al.,

                Defendants.
_____

<u>DECISION & ORDER</u>

14-CV-6069G

        Plaintiff Patrick Michael Mitchell ("Mitchell") in the above-captioned matter has filed a *pro se* Complaint asserting claims pursuant to 42 U.S.C. § 1983 and various state law claims arising from his arrest and incarceration. (Docket # 1). Currently before this Court is Mitchell's motion for an order compelling defendants to provide him with a stenographer to transcribe a deposition of defendant Siersma that Mitchell wishes to take and with a transcript of the deposition. (Docket # 22). Defendants oppose the motion. (Docket # 26). For the following reasons, Mitchell's motion is denied.

        Rule 30(b) of the Federal Rules of Civil Procedure provides:

> Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

Fed. R. Civ. P. 30(b)(3)(A). The rule further requires that unless otherwise agreed by the parties, a deposition must also be conducted before an officer who, among other things, administers the oath to the deponent. Fed. R. Civ. P. 30(b)(5).

Mitchell requests that the defendants provide him with a stenographer and a transcript without cost to him because he is indigent and proceeding in this matter *pro se*. A litigant proceeding *in forma pauperis* does not have a right to a waiver of the cost of a deposition stenographer. *Breedlove v. Mandell*, 2009 WL 500865, *1 (W.D.N.Y. 2009); *Koehl v. Greene*, 2007 WL 4299992, *3 (N.D.N.Y. 2007) (collecting cases); *see Smith v. Buffalo Bd. of Educ.*, 1997 WL 613255, *2 (W.D.N.Y. 1997) (denying *in forma pauperis* plaintiff's request that the court bear the cost of deposition transcripts). Mitchell has failed to demonstrate an inability to obtain the desired information through alternative methods of discovery available to him, such as depositions upon written questions under Fed. R. Civ. P. 31 or interrogatories under Fed. R. Civ. P. 33. That he would prefer to obtain the desired discovery through an oral deposition rather than through alternative means is not sufficient justification to grant his motion.

For the foregoing reasons, Mitchell's motion **(Docket # 22)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January 13, 2016