UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK MICHAEL MITCHELL,

                        Plaintiff,

          v.

ROBERT SIERSMA, et al.,

                        Defendants.
_____

DECISION & ORDER

14-CV-6069G

          On September 7, 2016, plaintiff Patrick Mitchell ("Mitchell") moved to preclude discovery of his mental health history and treatment.[1] (Docket # 52). Defendants opposed the motion. (Docket ## 55, 56). Following oral argument on October 27, 2016, and in accordance with the Court's directions at argument, the parties submitted supplemental affidavits, which this Court has reviewed. (Docket ## 58-60). For the reasons explained below, Mitchell's motion is granted.

## FACTUAL BACKGROUND

          Mitchell filed this action on July 15, 2013, under 42 U.S.C. § 1983, asserting claims against all of the defendants for unlawful arrest and imprisonment, illegal entry into his dwelling, and falsification of an arrest report, and claims against defendants Dunham, Donovan and the Village of Penn Yan for malicious prosecution. (Docket # 30). Mitchell alleges that defendants Siersma and Soprano, Investigators with the Monroe County District Attorney's Office, and defendant Dunham, a Sergeant with the Penn Yan Police Department, entered his

---

[1] In addition to the pending motion, Mitchell also moved to compel depositions. (Docket # 41). That motion was denied. (Docket # 57).

apartment in Yates County without his permission, representing that they had a warrant, although they did not produce it. (*Id.* at 4). He was handcuffed and transported from Yates County to Monroe County, where he was incarcerated for three days before being released on bail. (*Id.*). Mitchell further alleges that Siersma falsified the arrest report by indicating that Mitchell had been arrested in Rochester. (*Id.*). He claims that Donovan, an Investigator with the PennYan Police Department, threatened him with unlawful arrest and provided incomplete information to defendant Siersma that led to Mitchell's unlawful arrest. (*Id.*). In his second claim, Mitchell alleges that the Village of Penn Yan failed to adequately train Dunham and Donovan. (*Id.* at 4).

Mitchell claims that he suffered emotional distress as a result of the events at issue in this lawsuit. (Docket # 52 at 1). During his deposition, Mitchell testified that he had treated with a psychiatrist for emotional injuries he sustained as a result of defendants' conduct. (Docket # 55 at ¶ 6). He refused to answer follow-up questions relating to the matters he discussed with his psychiatrist. (Docket ## 55 at ¶ 6; 55-1). He did testify that since his arrest, he "always, always, always [has to] make sure the outside door [to his apartment] is latched." (Docket # 55-1 at 3).

Following his deposition, Mitchell filed the pending motion for an order precluding further discovery, including production of his mental health records, on the grounds that such evidence is protected by the psychotherapist-patient privilege. (Docket # 52). In his motion, he represents that he "does not plan to present any expert witness [testimony] regarding claims for mental or emotional [distress]." (Docket # 52). At oral argument, Mitchell stated that he was only seeking "garden variety" emotional distress damages. (Docket # 60). Following argument, Mitchell submitted a signed statement, representing:

    1.    I understand that my claim for emotional distress damages is limited to "garden variety" emotional distress damages,

        meaning nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of the challenged actions;

2. I will not claim at trial that I suffered severe emotional distress or a diagnosed mental health condition;

3. I will not offer at trial any psychological or medical testimony or records to support my clams of emotional distress, including my own testimony that I sought treatment from a mental health professional; and,

4. I withdraw any prior claim for physical injury or non-garden variety emotional distress damages.

(*Id.*).

Defendants oppose Mitchell's motion for a protective order, arguing that Mitchell's claimed emotional distress is more severe than garden variety distress – a fact that results in a waiver of the psychotherapist-patient privilege. (Docket # 59). They argue that the changes in his behavior following his arrest and incarceration that persist to the present day – "most notabl[y] his continuing to lock doors" – are inconsistent with garden variety distress. (*Id.* at 2). In other words, defendants contend that Mitchell, despite his representation to the contrary, is indeed seeking to recover damages for emotional distress beyond "garden variety" distress, thus entitling defendants to pursue discovery relating to his mental health treatment. (*Id.*).

## **DISCUSSION**

I addressed and thoroughly discussed the applicability and contours of the psychotherapist privilege to emotional distress claims in *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 118-21 (W.D.N.Y. 2009). I continue to adhere to the reasoning articulated in *Nichols*. *See also Misas v. North-Shore Long Island Jewish Health Sys.*, 2016 WL 4082718,

3

\*3-5 (S.D.N.Y. 2016) (citing *Nichols* with approval); *Briganti v. Conn. Tech. High Sch. Sys.*, 2015 WL 728518, \*4-5 (D. Conn. 2015) (same); *Jacobs v. Conn. Cmty. Tech. Coll.*, 258 F.R.D. 192, 195-97 (D. Conn. 2009) (same).  As in *Nichols*, plaintiff "has explicitly disavowed any emotional distress claims other than garden variety claims"[2] and "does not intend to offer at trial any psychological or medical testimony or records to support [his] claims of emotional distress." *E.E.O.C v. Nichols Gas & Oil, Inc.*, 256 F.R.D. at 121.  As described above, Mitchell has submitted a signed statement to the Court explicitly limiting his emotional distress claims to those for "garden variety" emotional distress, agreeing that he will not offer psychological or medical testimony or records to support his claim and will not offer testimony that he treated with a mental health provider, and disavowing and withdrawing any claims for physical or non-garden variety emotional distress damages.  (Docket # 60).

Despite these representations, defendants contend that Mitchell's anticipated testimony is consistent with a claim for significant, non-garden variety, emotional distress.  (Docket # 59).  Defendants' concern is apparently grounded in Mitchell's testimony that he continues to compulsively lock his apartment door.  (*Id.*).  Although most cases involving garden variety emotional distress claims do not involve allegations of ongoing distress, the fact that a plaintiff continues to experience ongoing symptoms does not necessarily elevate the claim beyond garden variety.  *See*, *e.g.*, *MacCluskey v. Univ. of Conn. Health Ctr.*, 2017 WL 684440, \*15 (D. Conn. 2017) (characterizing plaintiff's claim as "fall[ing] in the garden variety category" where it was based on her own testimony "describ[ing] how the experience had affected and continues to affect her," resulting in a continuing inability to trust others); *Makinen v. City of New York*, 167 F. Supp. 3d 472, 497 (S.D.N.Y. 2016) (characterizing plaintiff's claim as one for

---

[2] So-called garden variety emotional distress claims generally "are simple and usual, do not refer to any specific psychiatric disorder, and are the types of distress that any healthy, well-adjusted person would likely feel as a result of being victimized." *Misas v. North-Shore Long Island Jewish Health Sys.*, 2016 WL 4082718 at \*4.

4

"garden-variety" emotional distress damages where it was based on her testimony that "she suffers from continuing anxiety, depression, restless legs, sleeplessness, and panic attacks as a result of [d]efendants' conduct . . . [and] ha[s] been prescribed anti-anxiety medication to treat her symptoms[, which] she continues to take").

In this case, I do not find that Mitchell's expected testimony about his emotional distress amounts to a claim for more than garden variety distress, particularly because it will not be accompanied by medical evidence or testimony, evidence that he was diagnosed with a psychiatric disorder, or evidence that his distress resulted in physical manifestations. *See*, *e.g.*, *MacCluskey v. Univ. of Conn. Health Ctr.*, 2014 WL 7404565, *1 (D. Conn. 2014) ("[a]n allegation that a plaintiff suffers from and is claiming damages for a specific mental disorder or condition may also elevate the claim beyond the garden variety type and waive the privilege"); *Menghi v. Hart*, 745 F. Supp. 2d 89, 107-08 (E.D.N.Y. 2010) (plaintiff's claim was more severe than garden variety emotional distress where it was based on testimony of her mother and friend regarding "the changes to her personality and behavior as a result of the events underlying this case" and her psychologist's testimony that "she will have residual anxiety for the rest of her life"), *aff'd*, 478 F. Appx. 716 (2d. Cir. 2012); *Kuper v. Empire Blue Cross & Blue Shield*, 2003 WL 359462, *13 (S.D.N.Y. 2003) (rejecting defendant's contention that plaintiff suffered no more than garden variety distress where evidence established, among other things, that plaintiff continued to suffer ongoing distress and "experienced a physical manifestation [of the distress] in his significant weight loss").

Of course, defendants are entitled to rely on Mitchell's representations. In other words, Mitchell may not offer evidence in this lawsuit, including his own testimony, that is inconsistent with those representations and his claim for garden variety emotional distress

5

damages.  *See MacCluskey v. Univ. of Conn. Health Ctr.*, 2014 WL 7404565 at *2 ("at trial, [plaintiff] will be bound by her representations to the [c]ourt that she will not offer evidence regarding any mental or emotional disorders, severe emotional distress, or anything beyond the so-called 'garden variety' emotional distress . . . ; [she] is also bound to her representation that she will not be seeking to recover any costs for therapy").  Indeed, the district court may elect to charge the jury that Mitchell is seeking only garden variety emotional distress damages and any award for emotional distress damages must be limited to garden variety distress only.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a protective order precluding discovery of Mitchell's mental health history and treatment **(Docket # 52)** is **GRANTED**.

**IT IS SO ORDERED.**

                                               *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       July 14, 2017