UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK MICHAEL MITCHELL,

                           Plaintiff,                    Case # 14-CV-6069-FPG

v.                                        DECISION AND ORDER

ROBERT SIERSMA, et al.,

                           Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Patrick Michael Mitchell filed this civil rights action against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that his civil rights were violated when two Monroe County District Attorney's Office investigators entered a Yates County residence and arrested him, instigating a criminal prosecution that led to a grand jury indictment and resulted in Plaintiff's acquittal after trial. *Id.* at 1. The Court previously dismissed Plaintiff's claims against Monroe County, the Monroe County District Attorney, and a Monroe County Assistant D.A. and granted Plaintiff leave to file an amended complaint as to the remaining Defendants. ECF No. 5. Plaintiff filed an Amended Complaint (ECF No. 30) asserting false arrest, unlawful imprisonment, and malicious prosecution claims against Investigators Siersma and Soprano of the D.A.'s Office and Investigators Donovan and Dunham of the Penn Yan Police Department.

On December 13 and 15, 2017, Defendants moved for summary judgment (ECF Nos. 64, 66), and on February 7, 2018, Plaintiff responded in opposition to their motions (ECF No. 71). For the reasons that follow, Defendants' summary judgment motions are GRANTED.

**BACKGROUND**

On March 28, 2012, Penn Yan United Methodist Church employees discovered that the church had been burglarized and that a Mackie SR-32 4VLZ PRO sound board bearing the serial number 9837869 had been stolen. ECF No. 66 at 33. They reported the burglary to the Penn Yan Police Department and church employee William Bradford estimated that it would cost about $2,200.00 to replace the stolen sound board. *Id.* On March 27, 2012, the day before the burglary was discovered, two men entered the Rapid Pawn Shop in the City of Rochester with a Mackie sound board bearing the same serial number. *Id.* at 34. They met with the shop owner, Mehmet Sonmez, and informed him that the sound board came from their home in California. Both men claimed ownership of the item, but Sonmez "negotiated [the sale price] mostly with [Plaintiff] Patrick Mitchell." *Id.* at 34, 47. They agreed on $450.00, despite Sonmez being aware that the sound board was "worth much more than that," he wrote them a check, and they left. *Id.*

A felony complaint dated July 10, 2012, charged Plaintiff with criminal possession of stolen property in the fourth degree, a class E felony, *see* N.Y. Penal Law § 165.45 (1), alleging that Plaintiff, with co-defendant Joshua Arteca, knowingly possessed the stolen Mackie sound board and sold it to Sonmez on March 27, 2012. *Id.* at 31-32. The felony complaint incorporated supporting depositions of Bradford and Sonmez. *Id.* at 31. A Rochester City Court judge issued a warrant for Plaintiff's arrest on July 11, 2012 upon review of the criminal complaint. *Id.* at 40.

On July 17, 2012 around 10:30 A.M., Defendants Siersma, Soprano, and Dunham, knocked on the door of a Penn Yan apartment where Plaintiff was staying with his girlfriend. *Id.* at 72. Plaintiff opened the door to greet Dunham, with whom he had a "good rapport," and Siersma and Soprano walked inside. *Id.* at 73. Defendants told Plaintiff that they had a warrant for his arrest, let him get dressed and make telephone calls, and then took him into custody. *Id.* at 73-75.

## **LEGAL STANDARD**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts "in the light most favorable" to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation omitted), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The non-moving party may defeat the summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) ("[T]he mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party.").

Because Plaintiff is proceeding *pro se,* his submissions are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (citation omitted). But proceeding *pro se* does not relieve a litigant from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

**DISCUSSION**

The Amended Complaint asserts Fourth Amendment false arrest, unlawful imprisonment, and malicious prosecution claims against Monroe County Investigators Siersma and Soprano and the two Penn Yan Police Department officials that allegedly aided in Plaintiff's arrest, Sgt. Dunham and Inv. Donovan. Defendants assert that they are entitled to summary judgment because they had probable cause to arrest Plaintiff and, in any event, the arresting officers are entitled to qualified immunity for their actions. ECF No. 64-1 at 5; ECF No. 66. Plaintiff argues that Defendants did not have probable cause for his arrest or prosecution; offered incomplete or misleading information to the Rochester City Court judge who issued the arrest warrant; and violated New York State Criminal Procedure Law by failing to have a local judge in the non-adjoining county endorse the arrest warrant. ECF No. 71.

**I.     False Arrest and False Imprisonment**

Section 1983 false arrest and false imprisonment claims arise from the same rights guaranteed by the Fourth Amendment of the United States Constitution. *See Ivery v. Baldauf*, 284 F. Supp. 3d 426, 434 (W.D.N.Y. 2018) (citing *Lozada v. Weilminster*, 92 F. Supp. 3d 76, 98 (E.D.N.Y. 2015) and *Hays v. City of New York*, No. 14-CV-10126, 2017 WL 782496, at *2 (S.D.N.Y. Feb. 28, 2017) (holding that as a matter of law, plaintiff's claims for false arrest, false imprisonment, and abuse of process all "fail if there was probable cause to arrest and prosecute [her] for an offense")). The Fourth Amendment recognizes "[t]he right of the people to be secure in their persons" by prohibiting "unreasonable searches and seizures" and requiring warrants to be based "upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Const. amend. IV. To sustain a Fourth Amendment claim, it must be established that the defendant's actions "amounted to a search or a seizure, and the

search or seizure must have been unreasonable." *Caldarola v. Cty. of Westchester*, 142 F. Supp. 2d 431, 436 (S.D.N.Y. 2001), *aff'd*, 343 F.3d 570 (2d Cir. 2003). A "claim for false arrest turns only on whether probable cause existed to arrest a defendant" and not "whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). A court must "focus on the validity of the arrest, and not on the validity of each charge." *Id.*

Where an arrest is made "pursuant to a warrant, there can be no claim for false arrest or unlawful imprisonment." *Little v. City of New York*, 487 F. Supp. 2d 426, 439 (S.D.N.Y. 2007) (dismissing plaintiff's false arrest claim because arrest was effected pursuant to a warrant); *see also Phillips v. DeAngelis*, 571 F. Supp. 2d 347, 353 (N.D.N.Y. 2008), *aff'd*, 331 F. App'x 894 (2d Cir. 2009) (summary order) (holding that because no cause of action for false arrest will lie where an arrest was effected pursuant to a facially-valid arrest warrant, the proper claim is malicious prosecution) (citing *Broughton v. State*, 37 N.Y.2d 451, 457 (1975)).

Here, a Rochester City Court judge issued a facially-valid warrant for Plaintiff's arrest upon being presented with the accusatory instrument and supporting depositions. Plaintiff presents no material question of fact disputing the facial validity of the arrest warrant other than to speculate that the judge may have act differently, or questioned Inv. Siersma further, if he knew that the pawn shop check was made out to Arteca, not Plaintiff. ECF No. 71 at 8-9. Moreover, the fact that the Monroe County Defendants did not have a local criminal court in Yates County endorse the warrant is of no moment in this § 1983 action. *See Tucker v. Cty. of Jefferson*, 110 F. Supp. 2d 117, 124 (N.D.N.Y. 2000) (holding that the procedural error of failing to have a local criminal court endorse an arrest warrant as required by state law is "not of federal constitutional magnitude").

5

Finally, the Court rejects Plaintiff's contention that Defendants unlawfully entered his girlfriend's apartment to effect his arrest. Entry into a home to make an arrest is not unreasonable under the Fourth Amendment if it is done pursuant to a warrant. *See Steagald v. United States*, 451 U.S. 204, 211 (1981); *United States v. Lauter*, 57 F.3d 212, 214 (2d Cir. 1995) ("Generally, the police do not need a search warrant to enter a suspect's home when they have an arrest warrant for the suspect.") (citing *Payton v. New York*, 445 U.S. 573, 603 (1980) ("[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.")).

Because no claim for false arrest may lie where an arrest is effected pursuant to a valid warrant, Defendants are entitled to summary judgment and Plaintiff's false arrest and false imprisonment claims are dismissed.

## II.  Malicious Prosecution

To sustain a malicious prosecution claim, "the plaintiff must show: (1) an initiation or continuation of criminal proceedings by the defendant; (2) the proceeding was initiated without probable cause; (3) the proceeding was commenced with malice; and (4) the proceeding terminated in the plaintiff's favor." *Phillips*, 571 F. Supp. 2d at 353 (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). "Additionally, the plaintiff must also show that he suffered 'a sufficient post-arraignment liberty restraint to implicate [his] Fourth Amendment rights.'" *Id.* (quoting *Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

"In general, probable cause to arrest exists when an officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Marshall v. Sullivan*, 105 F.3d 47, 54 (2d Cir. 1996) (*citing Dunaway v.*

6

*New York*, 442 U.S. 200, 208 n.9 (1979)). Plaintiff primarily contends that Defendants did not have probable cause to charge him for felony-level possession of stolen property because (1) they were aware, or should have been aware, that the sound board was worth less than the $1,000.00 minimum New York State Penal Law requires and (2) there was no evidence that Plaintiff knew it was stolen. ECF No. 71 at 9.

Based on its review of the record, the Court rejects Plaintiff's contentions. Notwithstanding the question of whether a more precise valuation could have been obtained, Plaintiff admitted that he was with Arteca when the sound board was pawned. ECF No. 71 at 6. Plaintiff also acknowledges that Sonmez, the pawn shop owner, told people that he negotiated the price of the sound board with the individual who accompanied Arteca to the shop. *Id.* at 5-6. In Sonmez's supporting deposition, he states that both Arteca and Plaintiff claimed to be the sound board owners, which they said came from their California home. ECF No. 66 at 34. Sonmez's affidavit further notes that he knew Plaintiff because they conducted business in the past. *Id.*

Plaintiff merely surmises that, despite having "limited information" about how the sound board was obtained (ECF No. 71 at 8), Defendant Donovan targeted him because he was friends with Arteca, who Donovan believed to be involved in pawning items taken during unrelated Penn Yan burglaries. ECF No. 71 at 7. It is undisputed that Donovan began the investigation into Plaintiff's alleged possession of the stolen sound board and subsequently "turned all his information over to Inv. Siersma." *Id*. at 8. Plaintiff contends that Siersma "created" depositions for Sonmez and Bradford before obtaining their signatures. *Id*. He further contends that Siersma did not have a local judge endorse Plaintiff's arrest warrant as required for executing a warrant in a non-adjoining county by New York state law. *Id.* at 9; *see* N.Y. Crim. Proc. Law § 120.70 (2).

The Court finds that none of Plaintiff's arguments, some of which are wholly speculative and conclusory, raise a material dispute as to the existence of probable cause or rebut the "presumption of probable cause" created when a grand jury handed up his indictment. *See Soto v. City of New York*, 132 F. Supp. 3d 424, 453 (E.D.N.Y. 2015) (citing *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015)). The presumption of probable cause created by an indictment can "only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Bermudez*, 790 F.3d at 377 (internal quotation marks and citation omitted).

At best, Plaintiff asserts that Defendants negligently initiated a felony-level stolen property case against him for possessing a stolen item exceeding $1,000.00 in value, *see* N.Y. Penal Law § 165.45 (1), by relying on the value Bradford set forth instead of obtaining an expert valuation. This does not constitute fraud, perjury, the suppression of evidence, or bad faith. *See, e.g.*, *People v. Furman*, 59 N.Y.S.3d 165, 170 (3d Dep't 2017), *leave to appeal denied*, 30 N.Y.3d 1060 (2017) (The "opinion [of a] lay witness is competent to establish the value of the property if the witness is acquainted with the value of similar property.") (quoting *People v. Sheehy*, 711 N.Y.S.2d 856, 858 (3d Dep't 2000)).

Moreover, with respect to Plaintiff's assertion that Sonmez contradicted himself at the grand jury presentation, conflicting testimony at a grand jury proceeding "is a routine part of the litigation process and, without more, cannot rebut the presumption of probable cause." *Cipolla v. Cty. of Rensselaer*, 129 F. Supp. 2d 436, 454 (N.D.N.Y. 2001), *aff'd*, 20 F. App'x 84 (2d Cir. 2001) (summary order) (citation omitted).

Therefore, the Court finds that Plaintiff failed to raise a material issue of fact as to whether the criminal proceeding against him was initiated without probable cause. Moreover, even if

Plaintiff had presented a material question of fact demonstrating the lack of probable cause, the record is devoid of any evidence suggesting malice on the part one or more Defendant. In an apparent attempt to demonstrate malice, Plaintiff submitted an affidavit from his father, who states that he "believe[s] [Donovan] held a grudge against [him] for" placing a reprimand in Donovan's personnel file, possibly preventing Donovan from being promoted, when Plaintiff's father was the Penn Yan Police Department chief. ECF No. 71 at 12. Such conjecture does not raise a question of material fact concerning the element of malice.

For these reasons, the Court concludes that there are no genuine issues of material fact. Accordingly, Defendants' summary judgment motions are granted and the Amended Complaint is dismissed with prejudice.

## CONCLUSION

For the reasons stated, the Defendants' Motions for Summary Judgment (ECF Nos. 64, 66) are GRANTED and Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct further requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: September 22, 2018
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

9